## Welsh, Appellant, *v.* Charles Parrish & Company.

*Negligence—Master and servant—Independent contractor.*

A third person cannot be held liable for the negligence of an independent contractor: Welsh *v.* Lehigh & Wilkes-Barre Coal Company, 3 Cent. R. 386, followed.

Argued April 12, 1892. Appeal, No. 367, Jan. T., 1892, by plaintiff, John Welsh, from judgment of C. P. Luzerne Co., Oct. T., 1888, No. 92, compulsory nonsuit. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

The facts sufficiently appear by the opinion of the Supreme Court.

*Error assigned*, among others, was (6) refusal to take off nonsuit.

*William S. McLean*, *W. H. Hines* and *A. M. Freas* with him, for appellant.

*Henry W. Palmer*, for appellee.

PER CURIAM, April 25, 1892:

This case is ruled by Welsh v. Lehigh & Wilkes-Barre Coal Co., 3 Cent. R. 386.   That was a suit by this same plaintiff against that company to recover damages for the identical injury for which this suit was brought.   We there held : " That plaintiff was injured while employed by one Wasley in sinking an air-shaft. The purpose of this shaft was to connect with the mine work of the defendant.   Wasley was to do the entire work on the terms and conditions set forth in a written paper. Before this air-shaft was so far completed as to form any connection with the mine operated by the defendant, the accident happened which caused the injury to the plaintiff.   Wasley was an independent contractor, and the mere right of the defendant to so far supervise as to see whether the work was done according to the contract did not throw the responsibility, if any, off the contractor, for this injury, on the defendant."

This case differs only from the one cited in the fact that it is brought against a different defendant.   It is for the same act of alleged negligence, and under precisely the same circumstances.   The ruling in that case, therefore, covers this.

The plaintiff's remedy, if he has any, is against the contractor whose alleged negligence was the cause of the injury.   The doctrine of respondeat superior does not apply.

Judgment affirmed.